IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**HAROLD RAY HAYES, #79553**                                                     **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO.: 5:13-cv-201-DCB-MTP**

**CORRECTIONS CORPORATION**
**OF AMERICA, ET AL.**                                                  **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Motion for Preliminary Injunction [26]. Having conducted a hearing on the Motion and having considered the applicable law, the undersigned recommends the Motion [26] be DENIED.

In this civil rights action brought by a state prisoner under 42 U.S.C. § 1983, Plaintiff complains of delay and/or denial of adequate dental care. Specifically, Plaintiff alleges that in April, 2013, while he was housed at Wilkinson County Correctional Facility ("WCCF"), a dentist at WCCF extracted all of his teeth and prescribed him dentures. Plaintiff alleges that he did not receive dentures after his teeth were extracted. *See* Omnibus Order [32]. Defendant Corrections Corporation of America ("CCA") operated WCCF at the time Plaintiff's teeth were extracted. On July 1, 2013, Defendant Management & Training Corporation ("MTC") took over operations at WCCF. In August, 2014, Plaintiff was transferred to Walnut Grove Correctional Facility which is also operated by MTC.

Plaintiff alleges that Defendants continue to deny him dentures. In the instant Motion,

Plaintiff seeks a preliminary injunction directing Defendants[1] to provide him dentures.[2] On February 10, 2015, the Court conducted a hearing on Plaintiff's Motion [26]. Plaintiff appeared *pro se*; Katherine Snell appeared on behalf of CCA, Warden Byrd, and Jezonn Willaims; Steven Griffin appeared on behalf of MTC and Warden Shaw; and Robert Pedersen appeared on behalf of Health Assurance, LLC.[3]

To obtain a temporary restraining order or preliminary injunction, Plaintiff must satisfy the stringent requirements set forth in *Mississippi Power & Light Co. v. United Gas Pipeline Co.*, 760 F.2d 618 (5th Cir. 1985). Accordingly, Plaintiff must demonstrate (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) that the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) that the injunction will not have an adverse effect on the public interest. *Id.*; *Women's Med. Ctr. of NW Houston v. Bell*, 248 F.3d 411, 419 (5th 2001). These requirements are not balanced. Instead, each one must be met before the Court can provide relief. "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976).

---

[1] MTC was not a party to this action when Plaintiff filed his Motion [26]. The Court, however, will liberally construe the Motion [26] and the subsequent pleadings as a demand for a preliminary injunction against MTC. *See* Order [59].

[2] At the hearing on the Motion [26], MTC indicated that dentures have been ordered and that Plaintiff will be fitted with them soon. Plaintiff's Motion may be moot, but to date, the parties have not informed the Court whether Plaintiff has received dentures. Therefore, the undersigned will address the merits of the Motion.

[3] On January 27, 2015, the Court added Health Assurance, LLC, as a defendant and directed the Clerk of Court to issue summons to the company. At the time of the hearing, Health Assurance, LLC, had not filed an answer or other responsive pleading.

In order to prevail on the merits of this case, Plaintiff must establish that Defendants acted with deliberate indifference and caused him substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). Plaintiff must establish that Defendants denied him treatment, purposefully gave him improper treatment, ignored his medical complaints, "or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical need." *Gobert*, 463 F.3d at 346 (internal quotations and footnote omitted).

Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 333-34 (1986). Plaintiff is not entitled to the "best" medical treatment available. *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978); *Irby v. Cole*, 2006 WL 2827551, at *7 (S.D. Miss. Sept. 25, 2006). Further, a prisoner's "disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 2001).

At the hearing, Plaintiff submitted MDOC policies in support of his Motion. *See* MDOC Policies [77-1]. Plaintiff argues that Defendants failed to provide appropriate dental care as described in the MDOC policies. However, the mere failure to follow MDOC policies and procedures does not rise to a Section 1983 claim. *See Calcote v. Epps*, 2011 WL 6025042, at *3 (S.D. Miss. Nov. 14, 2011) (citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986)). Defendants' conduct must amount to a constitutional violation, not merely a violation of internal policy.

Defendants submitted Plaintiff's medical records which indicate that Plaintiff received

regular medical and dental care. *See* Medical Records [67-2]. Plaintiff's treatment included an examination by a dentist, Dr. Layne Washington, on February 6, 2014. Dr. Washington stated that:

> patient had full mouth ext[raction] necessitated by perio[dontal disease] about 1 year ago; is requesting dentures; appears to be in reasonably adequate general health, so is obtaining adequate nutrition; stated he has difficulty with some of the snacks that are provided (but apparently is "coping"); explained that curent [sic] MDOC dental policy just doesn't provide dentures unless he is suffering from medically diagnosed malnitrition [sic] rather than the "inconvenience" he is now experiencing.

*Id*. at 39-40, 144.

In addition to Dr. Washington's examination, Plaintiff received treatment for dental related issues on many occasions. *See*, *e.g.*, *Id*. at 41-43, 66-67, 69-70, 73-76. There are other records which indicate that Plaintiff could certainly benefit from dentures. *See*, *e.g.*, *Id*. at 35, 44-46, 67. However, Plaintiff has not demonstrated a substantial likelihood that he can establish deliberate indifference on the part of the Defendants. At this time, Plaintiff has not shown that Defendants failed to treat him, ignored a serious medical need, or purposefully gave him improper treatment. *See Gobert*, 463 F.3d at 346

Additionally, Plaintiff has not established that there is a substantial threat of imminent irreparable injury justifying extraordinary relief. A medical record from May 5, 2014, indicates that a medical professional was concerned that Plaintiff had lost ten pounds in six months. [62-2] at 45. Three months later, however, Plaintiff had gained five pounds, and since that time, Plaintiff has not experienced significant weight loss. *Id*. at 62, 114.

Plaintiff has not demonstrated that his is an exceptional case warranting injunctive relief. Plaintiff has not "clearly carried the burden of persuasion" on all four requirements for injunctive relief. *See Mississippi Power & Light Co.*, 760 F.2d at 621. Plaintiff's claims can be addressed

4

in due course on the merits by motion and/or trial.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned recommends that Plaintiff's Motion for Preliminary Injunction [26] be DENIED.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 13th day of February, 2015.

                                                      s/ Michael T. Parker
                                                    United States Magistrate Judge